# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RICARDO DODSON,

        Petitioner,   :   Case No. 2:24-cv-4076

 - vs -                      District Judge James L. Graham
                                  Magistrate Judge Michael R. Merz

SHELBIE SMITH, Warden, London
 Correctional Institution,

                                           :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Ricardo Dodson to obtain relief from his conviction in the Franklin County Court of Common Pleas in that court's Case No. 90-CR-5725[1]. In that case he was convicted of one count of rape and one count of kidnapping and sentenced on April 10, 1991, to imprisonment for ten to twenty-five years (Petition, ECF No. 1, PageID 2).

Under Rule 4 of the Rules Governing § 2254 Cases, the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

---

[1] Dodson previously filed a petition for writ of habeas corpus to obtain relief from his conviction in a different Franklin County case. See *Dodson v. Leonard,* Case No. 2:97-cv-1336. The Magistrate Judge has examined the Petition in that case to ensure that this Court has jurisdiction in the above case in that it is not a second or successive application barred by 28 U.S.C. § 2244(b).

petitioner.  Upon filing, this case was randomly assigned to United States District Judge James L. Graham and referred to the undersigned pursuant to Amended General Order 22-05.

Petitioner claims he has submitted the information required by the form required by the Rules Governing § 2254 Cases, but in fact he has not.  Item 18 of the Model Form reads: "Timeliness of Petition:  If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition."  Dodson does not give any such explanation, so the Court must discern the date of finality for the conviction from the Petition.

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). However, before doing so it must give the Petitioner notice and an opportunity to respond. *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015).

Dodson appealed from his conviction to the Ohio Court of Appeals for the Tenth District which affirmed the conviction on October 31, 1991. *State v. Dodson*, 1991 Ohio App LEXIS 5264. On July 15, 1992, the Ohio Supreme Court denied a motion for a delayed appeal. *State v. Dodson*, 64 Ohio St. 3d 1430 (1992). There is no record that Dodson sought certiorari review in the United States Supreme Court, so his conviction became final on direct review when his time for seeking that review expired, ninety days after the Ohio Supreme Court acted, or October 13, 1992. The instant Petition was not filed until September 29, 2024, when he placed it in the prison mailing system (Petition, ECF No. 1, PageID 20). The Petition was filed more than thirty years after the conviction became final on direct review.

As noted above, Dodson offers no explanation of why his Petition is timely, given the time which has expired since direct review was complete. He may be relying on his filing a motion for new trial on September 1, 2021 (Petition, ECF No. 1, PageID 5). As he explains in the first paragraph of his Petition, "appellate review of the denial of that motion was complete October 24, 2024 [2023][2] and he claims he is being confined pursuant to the mandate of the Ohio Supreme Court issued that day.

However, filing a motion for new trial does not re-start the statute of limitations. If he had

---

[2] Presumably "2024" is a typographical error, since this Report is being filed two days before that date.

been granted a new trial and again convicted, the statute would run from completion of appellate review of the new judgment of conviction, but there is no such new judgment because Dodson was not again convicted – his motion for new trial was unsuccessful. He has presented no evidence to this Court that the factual predicate of his claims could not have been discovered prior to September 29, 2023. In fact he claims part of his new evidence is a letter he received from the victim in 2017 (Petition, ECF No. 1, PageID 5).

The Magistrate Judge concludes the Petition is barred by the statute of limitations.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 22, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such

4

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #