IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

RICARDO DODSON,

        Petitioner,      :      Case No. 2:24-cv-4076

- vs -                      District Judge James L. Graham
                                    Magistrate Judge Michael R. Merz

SHELBIE SMITH, Warden, London
 Correctional Institution,

                                      :
        Respondent.

## DECISION AND ORDER WITHDRAWING REPORT AND RECOMMENDATIONS AND ORDERING ANSWER AND SUPPLEMENT TO THE PETITION

This is a habeas corpus case brought *pro se* by Petitioner Ricardo Dodson to obtain relief from his conviction in the Franklin County Court of Common Pleas in that Court's Case No. 90-CR-5725[1]. In that case he was convicted of one count of rape and one count of kidnapping and sentenced on April 10, 1991, to imprisonment for ten to twenty-five years (Petition, ECF No. 1, PageID 2).

Conducting a preliminary review under Rule 4 of the Rules Governing § 2254 Cases, the undersigned found that the Petition was barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat.

---

[1] Dodson previously filed a petition for writ of habeas corpus to obtain relief from his conviction in a different Franklin County case. See *Dodson v. Leonard,* Case No. 2:97-cv-1336. The Magistrate Judge has examined the Petition in that case to ensure that this Court has jurisdiction in the above case in that it is not a second or successive application barred by 28 U.S.C. § 2244(b).

1

1214)(the "AEDPA") and codified at 28 U.S.C. § 2244(d) and recommended its dismissal on that basis (Report, ECF No. 2). Regarding timeliness, the undersigned wrote:

> Petitioner claims he has submitted the information required by the form required by the Rules Governing § 2254 Cases, but in fact he has not. Item 18 of the Model Form reads: "Timeliness of Petition: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." Dodson does not give any such explanation, so the Court must discern the date of finality for the conviction from the Petition.

*Id.* at PageID 23. Petitioner does not dispute the accuracy of that statement, but has now filed a 38-page set of Objections purporting to show the Petition is timely. Judge Graham has recommitted the case to the undersigned to reconsider the Report in light of the Objections (ECF No. 6).

The first of Dodson's Objections is clearly well taken. The Report calculated the finality of Dodson's conviction on direct appeal as October 13, 1992, ninety days from the date of the Ohio Supreme Court's declination of review on July 15, 1992. As Dodson implicitly points out, the statute of limitations could not begin to run until the AEDPA was enacted on April 24, 1996. The AEDPA does not apply retroactively to convictions which became final before that effective date. *Lindh v. Murphy*, 521 U.S. 320 (1997). Therefore the statute began to run for convictions which became final before April 24, 1996, on that date and expired at the earliest on April 24, 1997. *Brown v. O'Dea,* 183 F.3d 572 (6th Cir. 1999).

Dodson's other objections are much more complex. He claims equitable tolling, actual innocence, and late discovery of critical facts despite diligent effort. Based on his citation of various other cases in which some relevant facts have been or may have been litigated, the Magistrate Judge concludes this Court needs a more complete record. To put it in the language of the Rule, it does not plainly appear from the face of the Petition, the Objections, and any exhibits

attached thereto[2] that the Petitioner is not entitled to relief in this Court. Accordingly, the Report and Recommendations is WITHDRAWN and it is hereby ORDERED that Respondent shall, not later than sixty days from the date of this Order, file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases.  Specifically, said answer shall respond to each allegation made in the Petition and Objections, comply with Rule 5(c) regarding transcripts, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or the statute of limitations. The answer should respond to each argument against application of the statute of limitations made in the Objections.  Respondent may not file a motion to dismiss in lieu of the prescribed answer.

Before filing the answer, the Respondent shall file those portions of the state court record and the record in prior related cases in this Court[3] filed by Petitioner needed to adjudicate this case. The Court's CM/ECF Procedures Guide provides:

> 1.1 Unless permitted by these procedures or otherwise authorized by the assigned Judicial Officer or other rule, all documents submitted for filing in this District shall be electronically filed using the Case Management/Electronic Case Filing system ("CM/ECF") by converting each document into a searchable text PDF document and uploading it into CM/ECF.

(June, 2019, revision; available at www.ohsd.uscourts.gov.).  Compliance with this rule is mandatory and needed for the Court's use of the record.

When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the

---

[2] The admissibility of any exhibits not before the Ohio courts will depend on application of *Cullen v. Pinholster,* 563 U.S. 170 (2011).
[3] Although documents from prior cases in this Court are available to the undersigned, it will be very valuable to the Court have them arranged chronologically and indexed in one filing and to have included all the documents Respondent believes are needed to adjudicate the limitations defense.

page.  All papers filed in the case thereafter by either party shall include record references to the PageID number.  Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed.  The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system which display each exhibit and the name of that exhibit in the record.

As required by Fed.R.Civ.P. 5, a complete copy of the answer and state court record with the PageID numbers and "bookmarks" must be served on Petitioner at the time of filing.

**Petitioner may file and serve a reply to the answer not later than twenty-one days after the answer is filed.**

The Clerk is directed to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section, c/o Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

Dodson's claim of actual innocence is based in material part on his claim that the victim in this case has written to him that she is his "secret admirer".  Despite purportedly quoting "secret admirer" twenty-nine times in his Objections, Dodson has not provided a copy of the letter to the Court, explained the circumstances of its receipt, etc.  It is hereby ORDERED that Petitioner supplement his Petition by filing a copy of the letter in question attached to his declaration under penalty of perjury about the circumstances of its receipt and any other correspondence with the victim.

December 2, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge