# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RICARDO DODSON,

        Petitioner,  :  Case No. 2:24-cv-4076

 - vs -      District Judge James L. Graham
        Magistrate Judge Michael R. Merz

SHELBIE SMITH, Warden, London
 Correctional Institution,

                   :
        Respondent.

## REPORT AND RECOMMENDATIONS; TRANSFER ORDER

This is a habeas corpus case brought *pro se* by Petitioner Ricardo Dodson to obtain relief from his conviction in the Franklin County Court of Common Pleas in that Court's Case No. 90-CR-5725. In that case he was convicted of one count of rape and one count of kidnapping and sentenced on April 10, 1991, to imprisonment for ten to twenty-five years. This case is before the Court on Respondent's Motion to Dismiss for lack of jurisdiction because the Petition is asserted to be successive (ECF No. 12).

In ordering an Answer in this case, the undersigned wrote that the Petition was not second or successive because Dodson's previously-filed habeas case in this Court, Case No. 2:97-cv-1336, sought relief from a **different** rape and kidnapping conviction in Franklin County in that court's case number 90-CR-5678B. Because the second-or-successive provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") apply on a conviction-by-conviction basis, the undersigned concluded "this Court has jurisdiction in the

1

above case in that it is not a second or successive application barred by 28 U.S.C. § 2244(b)." (R&R, ECF No. 2, PageID 22, n. 1).

That conclusion was in error and is hereby WITHDRAWN. The Magistrate Judge was unaware that Petitioner had previously sought habeas relief from the conviction in Franklin County Case No. 90-CR-5725 which is challenged here.  Indeed, Petitioner did not submit his Petition in the form required by Rule 2 of the Rules Governing § 2254 Cases.  Question 14 of the standard form asks:  "Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?"  A truthful answer to that question would have disclosed *Dodson v. Brigano*, Case No. C-1-90-1009.  The Magistrate Judge's search of the Court's electronic filing system (CM/ECF) for Petitioner's name also did not disclose the prior case because it was completed before the Court's conversion to an electronic filing system.  Petitioner himself has acknowledged, at least implicitly, that the Petition is second or successive by applying to the Sixth Circuit for permission to file a new petition challenging the conviction in Case No. 90-CR-5725 (See Motion, ECF No. 11, Ex. 3).

Under 28 U.S.C. § 2244(b), the determination that a Petition is second or successive is to be made in the first instance by the district court.  *In re:  Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012).  The Magistrate Judge concludes the instant Petition is second or successive.

A district court lacks jurisdiction to consider a second or successive petition without approval by the circuit court.  *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016).  When this Court makes a second or successive determination, our usual course is to transfer the case to the Sixth Circuit for its consideration under § 2244(b).  *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

In this case, however, Respondent urges us to dismiss the case for lack of jurisdiction under the concurrent sentence doctrine. As authority for that result, Respondent relies on *United States v. Hughes*, 964 F.2d 536 (6th Cir. 1992). In that case the appellate court exercised its discretion not to review an issue raised on appeal where it was clear to that court that there would be no collateral consequences of a lack of a decision. In *Dale v. Haeberlin*, 878 F. 3d 930 (6th Cir. 1989), also relied on by Respondent, the Sixth Circuit wrote at footnote three:

> In determining whether the addition of a possession conviction, with an accompanying five-year sentence, disadvantaged petitioner in any meaningful way, we think a profitable analogy can be made to the "concurrent sentencing doctrine." According to this doctrine, accepted by this court, an appellate court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction. See *United States v. Jeter,* 775 F.2d 670 (6th Cir.1985), *cert. denied,* 475 U.S. 1142, 106 S.Ct. 1796, 90 L.Ed.2d 341 (1986). While we are admittedly hesitant to apply this doctrine, *United States v. Greer,* 588 F.2d 1151, 1154 (6th Cir.1978), *cert. denied,* 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1979), citing *Hibdon v. United States,* 204 F.2d 834, 839 (6th Cir.1953), we do decline to review convictions when there is no possibility of adverse "collateral consequences" if the convictions stand. *United States v. Stewart,* No. 84–1084, unpub. op., 782 F.2d 1044 (6th Cir.1985), citing *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *United States v. Maze,* 468 F.2d 529 (6th Cir.1972). Thus, in *Ethridge v. United States,* 494 F.2d 351 (6th Cir.), *cert. denied,* 419 U.S. 1025, 95 S.Ct. 504, 42 L.Ed.2d 300 (1974), we declined to hear challenges to two convictions—twenty years for bank robbery and ten years for possession of bank robbery proceeds—when the petitioner could point to no disadvantage resulting from these convictions when petitioner did not contest his fifty-year murder sentence and conviction. In the present case, as in *Ethridge,* petitioner has not directed us towards any "collateral consequences" accompanying his conviction on the possession charge.

In *Winn v. Renico,* 175 F. App'x 728 (6th Cir. 2006), the circuit court recognized the availability of the concurrent sentence doctrine to appellate courts to decline to decide an issue, but refused to apply it in that case because it had not been raised in the district court.

3

Considering the cited authority, this Court should decline to apply it in the instant case. None of the cited caselaw recognizes authority in a district court to decline to decide an issue. That seems an appropriately apt reservation here when, because the Petition is second or successive, this Court lacks subject matter jurisdiction over the case unless the circuit court gives authority to proceed.

Accordingly, it is hereby respectfully recommended that the Court not dismiss the case for lack of jurisdiction.  Instead, it is hereby ORDERED that the Clerk transfer this case to the Sixth Circuit for its determination of whether or not Petitioner may proceed.

April 2, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge